**Order issued August 20, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-18-00015-CV

———————————

**TITLE RESOURCES GUARANTY COMPANY AS SUBROGEE OF SLS PROPERTIES, Appellant**

**V.**

**THE LIGHTHOUSE CHURCH & MINISTRIES, Appellee**

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-25934**

## MEMORANDUM ORDER OF
## REFERRAL TO MEDIATION

The Court determines that it is appropriate to refer this appeal for resolution

by mediation. *See* TEX. CIV. PRAC. & REM. CODE §§ 154.021, 154.022(a), 154.023.

Accordingly, the Court orders that this appeal be referred to mediation. Any party to the appeal may file an objection to mediation with the Clerk of this Court within **ten days** after receiving this order. *See id.* § 154.022(b).

The parties shall choose a qualified mediator and agree on a reasonable fee for the mediator's services.[1] *See id.* §§ 154.052, 154.054(a).

The Court sets the following deadlines:

- No later than **15 days** from the date that this order is issued, the parties shall file with the Clerk of this Court a completed "Parties' Notification to Court of Mediator." This document can be downloaded from the forms page of the Court's website at http://www.txcourts.gov/1stcoa/practice-before-the-court/forms/.

- If the parties are unable to agree on a mediator within **15 days** from the date that this order is issued, appellant Title Resources Guaranty Company shall notify the Clerk of this Court in writing of the parties' inability to agree. The Court will then appoint a mediator, after which any party to this appeal may file an objection to the appointed mediator with the Clerk of this Court within **5 days** after receiving the order of appointment.

- No later than **60 days** from the date that this order is issued, the parties shall conduct the mediation.

- No later than **2 days** from the conclusion of the mediation, the parties and the mediator shall advise the Clerk of this Court in writing whether the parties did or did not settle the underlying dispute.

---

[1] The Court does not initially appoint a mediator. Mediation information is available from the Dispute Resolution Center of Harris County ((713) 274-7100 and https://drc.harriscountytx.gov/), the Fort Bend Dispute Resolution Center ((281) 342-5000 and http://www.fortbenddrc.org/), the Alternate Dispute Resolution Section of the State Bar of Texas (http://www.texasadr.org/), and other groups. The parties are not required to use a mediator recommended or listed by these groups.

All parties, or their representative with full settlement authority, shall attend the mediation with their counsel. The mediator shall encourage and assist the parties in reaching a settlement of their dispute but may not compel or coerce the parties to enter into a settlement agreement. *See id.* § 154.053(a). All communications relating to the mediation are confidential and not subject to disclosure, except as set forth by law. *See id.* § 154.073. The Clerk of this Court, however, will file this order, any objection to this order, and the completed "Parties' Notification to Court of Mediator" with the other documents filed in this appeal that are available for public inspection.

Unless expressly authorized by the disclosing party, the mediator may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to communications relating to the subject matter of the dispute. *See id.* § 154.053(b). Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the mediation process, are confidential and may never be disclosed to anyone, including this Court. *See id.* § 154.053(c).

The Court will consider the agreed fee for the mediator's services to be reasonable and tax that fee as a cost of the appeal unless the parties agree to another method of payment. *See id.* § 154.054.

This appeal and all appellate deadlines related to it are suspended as of the date of this order. The suspension will be lifted automatically when the Court receives notice of the mediation result. If the appeal is not resolved at mediation, any deadline that began to run and had not expired by the date of this order will begin to run again as of the date the Court receives the mediation result. Any document filed by a party after the date of this order and before the receipt of the mediation result will be deemed filed on the same day as the mediation result is received.

PER CURIAM

Panel consists of Justices Lloyd, Kelly, and Hightower.